# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>10.7 ACRES OF LAND MORE OR LESS, SITUATED IN KERN COUNTY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-1295 LJO  JLT<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT AGAINST DEFENDANT HARRIS TRUST AND SAVINGS BANK |

The Government filed a complaint in condemnation, "for the taking of property in Kern County, California, under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest." (Doc. 1 at 2) Defendant Harris Trust and Savings Bank has failed to answer the complaint or disclaim an interest in the property. As set forth below, the Court recommends default be entered against Harris Trust and Savings Bank.

**I.      Relevant Background**

The Government initiated this action by filing a complaint on September 21, 2018. (Doc. 1) Harris Trust and Savings Bank was served with the summons and complaint on November 28, 2018. (Doc. 19) However, the defendant failed to file an answer to the complaint, disclaim any interest in the property, or otherwise file a responsive pleading.

1

On November 5, 2019, the Court held a scheduling conference with the parties. (*See* Doc. 34) During the conference, counsel for Southern California Edison informed the Court hat "he had a couple of conversations with the attorney for Harris Trust and Savings Bank." (*See* Doc. 33) Nevertheless, the defendant has taken no action in the case. Therefore, the same date, the Court ordered Harris Trust and Savings Bank to show cause why sanctions should not be imposed for its failure to respond to the complaint and failure to comply with the Court's orders, and to respond no later than November 22, 2019. (*Id.* at 1) The Government was directed to serve the order by first class mail upon the defendant, and file proof of service. (*Id.* at 2) Accordingly, Harris Trust and Savings Bank was served with the order on November 6, 2019. (Doc. 35) To date, the defendant has neither appeared nor responded to the Court's orders.

## II.     Failure to Respond to the Complaint

When a defendant fails to file an answer within the time required by Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, entry of default against that defendant is appropriate by the Clerk of Court.

## III.    Failure Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose terminating sanctions for a party's failure to obey a court order. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same).

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Id.* at 1096; *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112,

1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith").

**III.     Discussion and Analysis**

The Ninth Circuit has identified five factors that a court must consider when issuing terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 186); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

**A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Harris Trust and Savings Bank has failed to appear with counsel, to answer the complaint, or disclaim an interest in the propery. This Court cannot, and will not hold, this case in abeyance for the defendant's failure to comply with the Court's order and to defend in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing parties are obligated "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). In addition, as Harris Trust and Savings Bank was advised, the "Court lacks the judicial resources to determine the rights of prospective claimants who have no interest in the property at issue." (*See* Doc. 33 at 1) Accordingly, these factors weigh in favor of terminating sanctions.

**B.     Prejudice to Plaintiff**

Significantly, a presumption of prejudice arises when a party unreasonably an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit determined prejudice was "palpable" where a party failed to comply with the Court's order. *See Wanderer v. Johnston*, 910 F.2d

652, 656 (9th Cir. 1990). Accordingly, the Court finds this factor weighs in favor of the issuance of terminating sanctions.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enter.,* F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, a party "can hardly be surprised" by terminating sanctions "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

On November 5, 2019, the Court directed defendant Harris Trust and Savings Bank to show cause why sanctions—including terminating sanctions—should not be imposed. (Doc. 33 at 1) Thus, the defendant was warned the failure to comply with the Court's orders may result in terminating sanctions. The Court need only warn a party once that terminating sanctions may be imposed to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Thus, the warnings to Mr. HS Brothers Express satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of terminating sanctions. *See Ferdik*, 963 F.2d at 1262.

### D. Public policy

Given the willful failure by Harris Trust and Savings to defend in the action, failure to comply with the Court's orders, the prejudice suffered by Plaintiff, and the warnings issued, the policy favoring disposition of cases on their merits is outweighed by the factors favoring dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Findings and Recommendations

Based upon the foregoing, the Court **RECOMMENDS**: The Clerk of Court be directed to enter default against Harris Trust and Savings Bank.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

4

Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven days of the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **December 13, 2019**                              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE