1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10
11
12   UNITED STATES OF AMERICA,

13                    Plaintiff,                    No. 1:18-cv-01295-NONE-JTL

14            v.                                    FINAL JUDGMENT APPROVING
                                                    STIPULATION OF JUST
15                                                  COMPENSATION

16   10.7 ACRES OF LAND, MORE OR LESS,
     SITUATE IN KERN COUNTY, STATE
17   OF CALIFORNIA, AND SOUTHERN
     CALIFORNIA EDISON COMPANY, ET
18   AL.
                      Defendants.
19

20

21          Upon consideration of the Stipulation of Just Compensation executed by Plaintiff United

22   States of America and Defendant Southern California Edison ("SCE"), a California Corporation,

23   it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

24      1.  On September 21, 2018, the United States, on behalf of the U.S. Army Corps of

25          Engineers, filed a Complaint in Condemnation (Doc. No. 1) and a Declaration of Taking

26          (Doc. No. 2) in this eminent domain proceeding, and deposited $18,000,000.00 with the

27          Court Registry as estimated just compensation on September 25, 2018 (Doc. No. 9).

28   /////

2. On September 25, 2018, by operation of law as set forth in 40 U.S.C. § 3114(b), title to the property set forth in the following legal description (the "Property"), vested in the United States:

LEGAL DESCRIPTION:

A Certain Tract of Land designated by the Secretary as Tract No. 430E situate in the County of Kern, State of California, recorded on December 5, 1958 in Book 3046 Page 262 of the Kern County recorder's office and described as follows:

PARCEL 1

Those portions of the Southeast quarter of the Southeast quarter of Section 19, and the Northeast quarter of the Northeast quarter of Section 30, all in Township 26 South, Range 33 East, M.D.B.&M., described as follows:

Beginning at a point in the South line of said Section 19, which point is West 361.33 feet, measured along said South line, from the Southeast corner of said section 19, thence North 28° 02' 52" West, 146.39 feet; thence South 61° 57' 08" West, 25.00 feet to a point in a curve concave to the East and having a radius of 337.82 feet, a radial line of said curve through said last mentioned point bears South 61° 57' 08" West; thence Northerly, along said curve, 304.81 feet, to a point in a line which is tangent to said curve and which has a bearing of South 23° 39' 00" West said last mentioned line being the Southeasterly line of the "Borel Canal" right of way, 150.00 feet wide, owned in fee by said Southern California Edison Company; thence South 23° 39' 00" West, along said Southeasterly line a distance of 211.50 feet; thence continuing along said Southeasterly line South 27° 39' 00" West, 131.68 feet, more or less, to a point in a non-tangent curve having a radius of 487.82 feet and being concentric with the above mentioned curve having a radius of 337.82 feet; thence Southerly, along said concentric curve, 59.96 feet, to the end of the same, a radial line of said concentric curve through the Southerly terminus thereof bears South 61° 57' 08" West; thence South 61° 57' 08" East, 25.00 feet; thence South 28° 02' 52" East, 631.81 feet; thence North 61° 57' 08" East 100 feet to a point hereinafter referred to as POINT "A"; thence continuing North 61° 57' 08" East, 100 feet; thence North 28° 02' 52" West, 485.42 feet to the point of beginning.

PARCEL 2

That portion of the Southeast quarter of the Northeast quarter of said Section 30, Township 26 South, Range 33 East, M.D.B.&M., described as follows:

Beginning at the East Quarter corner of said Section 30; thence North 89° 21' 20" West 398.39 feet to the Easterly line of the "Borel Canal" right of way, 150.00 feet wide, owned in fee by said Southern California Edison Company; thence, along said Easterly line, North 00° 03' 00" East, 123.05 feet to the Southerly terminus of a curve in said Easterly line, said terminus being the TRUE POINT OF BEGINNING in this description; thence continuing North 00° 03' 00" East, 417.45 feet; thence North 51° 37' 36" West, 204.43 feet to a point in said Easterly line of the "Borel Canal" right of way, 150.00 feet wide, said last mentioned point being in a non-tangent curve concave to the Northeast and having a radius of 366.70 feet, a radial line of said curve through said last mentioned point bears South 81° 05' 49" West; thence Southeasterly 131.93 feet, along said curve, to the beginning of a reverse curve concave Westerly and having a radius of 839.30 feet; thence Southerly along said last mention curve and along said Easterly line, a distance of 433.11 feet to said true point of beginning.

PARCEL 3

A strip of land One Hundred and Fifty (150.00) feet wide, the center line of which strip of land is hereinafter described, lying within that portion of the East half of the Northeast quarter of Section 30, in Township 26 South, Range 33 East, M.D.B.&M., lying Northerly of a line described as follows:

Beginning at a point in the East line of said Section 30, which point is North 00° 38' 32" East, 534.75 feet from the East quarter corner of said Section 30; thence North 88° 41' 34" West, 400.00 feet to the Northeasterly corner of the land hereinabove described and designated as PARCEL 2; thence North 51° 37' 36" West, 1352.22 feet, more or less, to a point in the North line of the South half of the Northeast quarter of said Section 30.

The center line of said strip of land, 150.00 feet wide, is described as follows:

Beginning at a point in the Northeasterly line of the land hereinabove described and designated as PARCEL 2, which point is North 51° 37' 36" West, 72.33 feet, measured along said Northeasterly line, from the Northeasterly corner of said PARCEL 2; thence North 00° 12' 44" West, 304.84 feet to the beginning of a tangent curve concave to the East and having a radius of 758.53 feet; thence Northerly, along said curve, 276.88 feet to the end of same; thence, tangent to said curve, North 20° 42' 08" East, 694.68 feet to a point hereinafter referred to as POINT "B", said point being at the beginning of a tangent curve concave to the West and having a radius of 441.41 feet; thence Northerly, along said curve, 375.57 feet to said POINT "A" referred to in the description of the land hereinabove described and designated as PARCEL 1 said POINT "A" being in the Southeasterly line of said PARCEL 1.

The side lines of said strip of land, 150.00 feet wide, shall be prolonged or shortened so as to terminate in said Southeasterly line of PARCEL 1 and in those certain courses in the Southerly boundary line of the hereinabove described land

which are described as having bearings of North 88° 41' 34" West and North 51° 38' 36" West and lengths of 400 feet and 1352.22 feet, respectively.

PARCEL 4

A strip of land, One Hundred and Fifty (150.00) feet wide, lying partly within the Northeast quarter of the Northeast quarter of Section 30 and partly within the Northwest quarter of the Northwest quarter of Section 29, all in Township 26 South, Range 33 East, M.D.B.&M., the center line of which strip of land is described as follows:

Beginning at said POINT "B", referred to in the description of the land hereinabove described and designated as PARCEL 3, thence North 20° 42' 08" East, 510.00 feet.

EXCEPTING from said Parcel 4, that portion thereof lying within the strip of land hereinabove described and designated as PARCEL 3.

(*See* Doc. No. 2-4 (Schedule C).)

3. The estate taken in the Property is all rights and title in and to the easement estates and rights of way granted to Defendant SCE by the Secretary of the Army, for and on behalf of the United States, in the Department of the Army Easement for Right of Way, recorded in Book 3046, at Page 262 on December 5, 1958, in the Office of the County Recorder, in Kern County, California. (*See* Doc. No. 2-6 (Schedule E).)

4. At the time of commencement of this action, Defendant SCE owned the Property and Defendant SCE was the only landowner-defendant with a right to possession of the Property.

5. Defendant Federal Energy Regulatory Commission disclaimed interest in the Property and the right to receive just compensation. (Doc. No. 15.)

6. Defendant California Public Utilities Commission disclaimed interest in the Property and the right to receive just compensation. (Doc. No. 17.)

7. Defendant Bank of America, N.A. disclaimed interest in the Property and the right to receive just compensation. (Doc. No. 18.)

8. Defendant Kern County Treasurer-Tax Collector disclaimed interest in the Property and the right to receive just compensation. (Doc. No. 23.)

9. Following an Order to Show Cause, the Court entered a default as to Defendant Harris Trust and Savings Bank.  (Doc. No. 38.)

10. In order to settle this action, the parties agree that the just compensation payable by the United States for the taking of the Property, together with any appurtenant improvements, shall be $31,000,000.00, inclusive of interest, attorneys' fees, and costs.  (Doc. No. 40.)

11. The deficiency between the agreed settlement ($31,000,000.00) and the previously deposited amount ($18,000,000.00) is $13,000,000.00.  The United States shall pay into the Court Registry, and the Clerk is directed to accept, the deficiency amount of $13,000,000.00.

12. Said sum of $31,000,000.00 shall be full and just compensation and in full satisfaction of all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the Property described in the Declaration of Taking.

13. Said sum of $31,000,000.00 shall be subject to all liens, encumbrances, and charges of whatsoever nature existing against the Property at the time of vesting of title in the United States and all such taxes, assessments, liens, and encumbrances shall be payable and deductible from said sum.

14. Defendant SCE warrants that it has the exclusive right to compensation and that no other person or entity is entitled to the same or any part thereof.  In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the Property taken in this case, SCE shall refund into the Court Registry the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of receipt of the award by Defendant SCE to the date of repayment into the Court Registry.

15. The parties shall be responsible for their own legal fees, costs, and expenses (including attorneys' fees, consultants' fees, experts' fees, transcript costs, and any other expenses relating to this litigation).

16. Upon the United States depositing the deficiency amount of $13,000,000.00 into the Court Registry, the Clerk of the Court shall, without further order of this Court, disburse to Defendant SCE all sums on deposit in the Court Registry, together with any interest earned thereon while on deposit.

17. The Clerk is directed to pay this disbursement by wire transfer to Defendant SCE. Prior to such payment, SCE shall provide solely to the Clerk its wiring instructions. The submission of the SCE's wiring instructions shall be under seal and shall not be available to the public or any other person or entity other than the Clerk.

18. Following disbursement of the above sums to Defendant SCE, this case shall be CLOSED.

IT IS SO ORDERED.

Dated:   **August 4, 2020**

_____
UNITED STATES DISTRICT JUDGE